McDONALD, Justice,
specially concurring.
I concur in the result reached by the majority opinion. I disagree only in the delineation of the scope of permissible lobbying activities of The Florida Bar. As I stated in my dissent in The Florida Bar re Schwarz, 552 So.2d 1094, 1098 (Fla.1989), cert. denied, — U.S. —, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990), lobbying activities of The Florida Bar cannot extend beyond the following five designated areas:
(1) Questions concerning the regulation and discipline of attorneys;
(2) matters relating to the improvement of the functioning of the courts, judicial efficacy and efficiency;
(3) increasing the availability of legal services to society;
(4) regulation of attorneys’ client trust accounts; and
(5) the education, ethics, competence, integrity and regulation as a body, of the legal profession.
Id. at 1095. Contrary to the majority opinion, I believe the decision of the United States Supreme Court in Keller v. State Bar of California, — U.S. —, 110 S.Ct. 2228, 110 L.Ed.2d 1 (1990), not only buttresses, but indeed mandates, such a conclusion.
In all other aspects, I concur with the majority opinion.